IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SEAN O'NEAL                                                                                           PLAINTIFF
#103643

v.                                          No: 4:24-cv-00915-LPR-PSH

ERIKA GREEN, *et al.*                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Sean O'Neal, an inmate incarcerated at the W.C. Brassell Adult Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on October 23, 2024 (Doc. No. 2) along with an application for leave to proceed *in forma pauperis* ("IFP") (Doc. No. 1). O'Neal was granted leave to proceed *in forma pauperis* ("IFP") and directed to file an amended complaint to clarify his claims and

describe the appropriate defendants (Doc. No. 8). He was cautioned that an amended complaint would render his original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed. *Id.* O'Neal subsequently filed an amended complaint (Doc. No. 9). The Court has screened O'Neal's amended complaint and recommends that his claims be dismissed for failure to state a claim upon which relief may be granted, as further described below.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.

2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Additionally, the law is clear that *respondeat superior* is not a recognized basis for § 1983 liability. *See Keeper v. King*, 130 F.3d 1309 (8th Cir. 1997). To state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

As stated above, after O'Neal filed his complaint, the Court afforded him an opportunity to amend his complaint because the Court needed more information to screen it. Doc. No. 8 at 2. In that order, the Court stated:

> O'Neal alleges he has not received medical care for an injured foot and was forced to sleep on the floor. Doc. No. 2 at 4-5. He names Nurse Erika Green, Nurse Randle, Chief Bob Hudson, and Dr. Johnson as defendants, but does not describe how they were involved in failing to treat his foot or forcing him to the sleep on the floor. *Id.* at 1-5. He also does not describe why or how long he was required to sleep on the floor and whether he was provided with a sleeping mat, blanket, etc. *Id.* O'Neal may file an amended complaint to provide such details and to describe how each named defendant was deliberately indifferent to his serious medical needs. O'Neal must also describe only one factually related incident or issue if he sues more than one defendant. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.

Doc. No. 8 at 2-3 (footnotes omitted). O'Neal filed his amended complaint following receipt of this order. In it, O'Neal names Nurse Erika Green, Nurse Randle, Chief Bob Hudson, and Dr. Johnson as defendants. Doc. No. 9 at 1. He alleges that he has a "messed up foot" and he saw an unnamed nurse about it, and she photographed it. Doc. No. 9 at 4. He further alleges that "the nurses and doctors" allowed another inmate to clean his wound and bandage it while knowing that inmate had HIV. *Id.* O'Neal states that he finally saw an unnamed doctor who prescribed

ibuprofen. *Id.* He complains that he has received no pain medication and his bone is still broken. *Id.*

Despite the Court's instructions, O'Neal failed to clarify in his amended complaint how each named defendant was involved in the treatment (or lack thereof) for his foot. He simply refers to unnamed nurses and doctors and does not describe any specific involvement on the part of the named defendants. The Court is unwilling to speculate which named defendant was the "nurse" or "doctor" who, with deliberate indifference, allegedly failed to provide proper medical care to O'Neal. O'Neal's claims against them should therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. O'Neal's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 22nd day of January, 2025.

_____
UNITED STATES MAGISTRATE JUDGE